UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SPER, INC., <br> Appellant(s), <br> v. <br> CAPRIATI CONSTRUCTION CORP, INC., <br> Appellee(s). | Case No. 2:16-CV-1996 JCM <br> Appeal Reference No: 16-45 |
| In re: <br> CAPRIATI CONSTRUCTION CORP., INC. <br> Debtor. | BK-S-15-15722-ABL <br> Chapter 11 <br> ORDER |

Presently before the court is an appeal of a bankruptcy court's order. Appellant Sper, Inc. ("Sper") has filed an opening brief. (ECF No. 5). Appellee Capriati Construction Corp., Inc. ("Capriati" or "debtor") filed an answering brief (ECF No. 7), to which appellant replied (ECF No. 8).

**I.  Background**

On October 7, 2015, Capriati filed a voluntary petition under Chapter 11, case number BK-S-15-15722-ABL. (ECF No. 5).

On June 29, 2016, Capriati filed a motion for sanctions against Sper for its refusal to appear for a properly notice deposition and responds to requests for production of documents. (ECF No. 5-2 at 2).

**James C. Mahan**
**U.S. District Judge**

On July 19, 2016, the bankruptcy court conducted a hearing on Capriati's motion for sanctions and construed the motion as a motion "to compel certain discovery in anticipation of a continued confirmation hearing." (ECF Nos. 5-8 at 27; 5-10). On July 21, 2016, the bankruptcy court entered an order granting in part Captriati's motion, ordering, in relevant part, as follows:

> **IT IS FURTHER ORDERED** that, to the extent the Motion seeks to compel discovery in the form of attendance at a deposition, the Motion is **GRANTED as follows**:
> - The person most knowledgeable for Sper shall make himself or herself available for, and shall appear to testify at, a deposition conducted by Debtor's counsel.
> - The deposition may be taken, at the discretion of Debtor's counsel, either via telephone or via travel to Jackson Hole, Wyoming, and **shall be completed on or before 5:00 p.m. prevailing time on Friday July 29, 2016**. Counsel to make appropriate arrangements.
>
> **IT IS FURTHER ORDERED** that Sper shall bear costs incurred in connection with the deposition ordered herein.

(ECF No. 5-10 at 3–4).

In the instant appeal, appellant appeals the bankruptcy court's order on a motion to compel discovery. (ECF No. 5).

## II. Legal Standard

Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a); *In re Rains*, 428 F.3d at 900.

The district court reviews a bankruptcy court's conclusions of law, including its interpretation of the bankruptcy code, on a *de novo* basis. *In re Rains*, 428 F.3d at 900; *In re Maunakea*, 448 B.R. 252, 258 (D. Haw. 2011). Findings of fact are reviewed for clear error. *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009).

The court reviews for an abuse of discretion the imposition of discovery sanctions. *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1156 (9th Cir. 2003). The bankruptcy court abuses its discretion when it fails to identify and apply "the correct legal rule to the relief requested," or if its application of the correct legal standard was "(1) 'illogical,' (2) 'implausible,'

1  or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir.2009) (*en banc*).

**III.  Discussion**

As an initial matter, the court appears to lack jurisdiction over the instant appeal. A district court has jurisdiction to hear appeals from interlocutory orders, as here, only with leave of the bankruptcy court. Sper appeals the bankruptcy court's interlocutory order granting Capriati's motion to compel certain discovery in anticipation of a continued confirmation hearing, but has failed to show, or even allege, that the bankruptcy court granted Sper leave to proceed with the instant appeal. Assuming, *arguendo*, that the court has jurisdiction, Sper's appeal nonetheless fails on the merits.

In the instant appeal, Sper sets forth five (5) issues on appeal: (1) whether the bankruptcy court erred in ordering the deposition of counsel for Sper; (2) whether the bankruptcy court erred in imposing deposition costs against Sper without just cause; (3) whether the bankruptcy court erred in imposing deposition costs against Sper based on the physical incapacity to attend the deposition; (4) whether the bankruptcy court erred in its inconsistent and/or lack of factual findings to justify the shifting of deposition costs to Sper; and (5) whether the bankruptcy court erred in imposing deposition costs against Sper when no travel expenses were incurred. (ECF No. 5 at 11).

Sper's arguments lack merit and are unsupported by the record. The bankruptcy court did not order the deposition of counsel for Sper or impose deposition costs without cause. Nor did the bankruptcy court lack factual findings to justify shifting deposition costs to Sper.

According to the transcript from the July 19th hearing, the bankruptcy court ordered, in relevant part, as follows:

> The person most knowledgeable to substantiate those claims will make themselves available in advance of confirmation or deposition. . . . And the person who will appear will be the person most knowledgeable for SPER, Inc. The choice is SPER's as to who they will produce for the purposes of that deposition, but they will be deposed.

(ECF No. 5-8 at 31–32). Thereafter, it was Sper's counsel, Ms. Frankewich, who confirmed she was the person most knowledgeable. (ECF No. 5-8 at 36).

James C. Mahan
U.S. District Judge

- 3 -

Moreover, the bankruptcy had cause to impose deposition cost against SPER. The bankruptcy court explicitly stated that "the cost of the deposition will be borne by SPER in connection with this matter **for failure to appear previously in connection with this deposition**." (ECF No. 5-8 at 38) (emphasis added).

Further, in light of Ms. Frankewich's inability to travel based on medical reasons (ECF No. 5-8 at 36), the bankruptcy court allowed debtor's counsel to take the deposition either by telephone or debtor's counsel can fly to Ms. Frankewich in Wyoming. (ECF No. 5-8 at 38, 41–42).

Furthermore, no travel costs were borne by Sper as the deposition was eventually completed telephonically. (ECF No. 7 at 14). In fact, Sper acknowledges that Capriati has yet to seek deposition costs from Sper, rendering Sper's argument premature at best. (*See* ECF No. 8 at 5 (Capriati does not address in their Answering Brief whether it will or will not seek reimbursement from SPER and/or its counsel for actual costs associated with the court reporter and/or videographer for the PMK deposition.")).

In light of the foregoing, the court finds that the bankruptcy court did not abuse its discretion in imposing deposition costs on Sper for Sper's failure to appear previously in connection with the underlying deposition at issue. Accordingly, the court will affirm the bankruptcy court's order.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the bankruptcy court's order be, and the same hereby is, AFFIRMED.

DATED April 19, 2017.

_____
UNITED STATES DISTRICT JUDGE